12-cv-1724 RAJ-JPD

United States District Court
western district of Washington

Kenneth Wayne, Learning
          Plaintiff

vs

John Doe, Warden; and,
FDC-Seatac; and,
U.S. Bureau of Prisons; and
John Does 2-10
                    Defendant(s)

No.

Complaint to:
Compel Performance;
Inclusive of Declaratory
and injunctive Relief;
and Tort Damages

King County
Washington republic  }  VERIFIED Complaint
                        Petition for Redress of Grievance(s)

FILED
LODGED
RECEIVED
OCT 04 2012
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
BY DEPUTY
MAIL

A.        INDIGENCE
    Motion to proceed without prepayment of fees
    Plaintiff is unable to pay filing or other fees as he has no income or property available to him upon which he could pay fees or costs as is EVIDENCED in the Record(s) of the USDC, western Washington, Case number 12-cv-1090; USDC, western Arkansas, Case number 12-cv-5114; and for which Defendant FDC-Seatac has REFUSED to provide a certified accounting of lack of funds, but Plaintiff attaches as EXHIBIT "A" a reciept relating to the trust fund that FDC-Seatac provides for Plaintiff under a fictitious name evidencing an account balance of $28.76 FRN as of September 17, 2012.

B)        PARTIES
    1)  Plaintiff is a man, Kenneth Wayne, born to the family Learning, as a free constituent to The People of the State of Washington, that republic established at Walla Walla, Washington during 1878 and admitted to the union of the several united States of America by thier Congress on 22 February, 1889, on the Constitution published as Senate Document 66, and brings this Complaint as a victim of;
Compla

Page 1 of 12

12-CV-01724-CMP

and a party damaged by, the Constitutional wrongs complained of hereinbelow; as a Private Attorney General on behalf of many others whom Defendants are subjecting to restraints on liberties and under the unconstitutional conditions complained of hereinbelow to vindicate rights of many similarly situated members of the General public as is recognized by the Supreme Court of the United States, and other courts, see: Newman vs Piggie Park Enterprises Inc, 390 US 400; Chavez vs Martinez, 155 LEd2d 984; Rotella vs Wood, 528 US 549; and Connick vs Thompson, 179 LEd2d 417, etc., and acts of Congress of 1789, 1864, and 1946, as well as legislative intent relating to vindication of Rights legislation, etc.

2) Defendant John Doe, Warden, is a man who is FIDUCIARY of the office of Warden at the Federal Detention Center, Seatac, Washington and is responsible as trustee of the public trust of said office to, among other duties, protect the rights of people placed in the custody and/or control of the Federal Bureau of Prisons (BOP) at its Seatac, Washington, Detention facility;

Defendant FDC-Seatac is an enterprise operated by BOP to house and detain prisoners on behalf of BOP based on requests or orders of other Federal authorities, in the geographical area described by Congress as the western district of Washington;

Defendant U.S. Federal Bureau of Prisons is an enterprise established by Congress to hold and detain prisoners on behalf of the federation of i.e. Federal, municipal corporations established by the 2nd and 3rd Congresses within the district of Columbia as appears more fully herein below;

Complaint                                              Page 2 of 12

Defendants John Does 2-10 are officers and employees of Defendant BOP at its FDC-Seatac facility who have failed to perform thier constitutional, statutory, and clearly established duties;

C) ## Jurisdiction

1. Congress has delegated the United States District Courts jurisdiction, relating to officers, employees, agents, and customers of the Federal Government, i.e. the several municipal corporations City of Washington, District of Columbia, United States, UNITED STATES, United States of America, and UNITED STATES OF AMERICA established during the first six (6) years of Congress with the legislative intent, see verbatim reports of proceedings of Senate, etc., to allow the constituents of the several States to voluntarily subject themselves to the Acts of Congress passed for the district of Columbia, extraterritorially as consumers, members, officers, employees, and/or agents of said municipal Corporations;

2. Congress has expressly delegated the United States District Courts Federal Question jurisdiction as codified at 28 USC 1331; Aliens action for tort as codified at 28 USC 1350; and Action to Compel an officer (federal) to perform a duty codified at 28 USC 1361 as well as subject matter jurisdiction in vindication of Rights as codified at 42 USC 1983, et seq;

3. Congress expressly delegated extraterritorial jurisdiction to the United States District Court for the western district of Washington to excercise its jurisdiction on federal subjects at western Washington Codified at 28 USC 88-144 in one specific section;

D) ## Administrative Remedies

Plaintiff has submitted numerous administrative

---

Complaint                                   Page 3 of 12

Petitions for Redress of Grievance(s) in effort to exhaust administrative Remedies, some are in excess of Ten (10) months without answer or resolution through defendants FDC-Seatac, Bureau of Prisons, or Department of Justice as provided by the Administrative Procedures Act, codified at 5 USC 701, et seq; Tort Claims Act, codified at 28 USC 1346, et seq; and recognized by Defendant FDC-Seatac's Program Statement: SET 1320.06C.

To date, no defendant has resolved plaintiff's Petitions for Redress, only denying responsibility and liability for thier duties, defaulting to the issues by nil dicit, and the record being vacant as to any remedy, i.e., failure to answer with fact or law supporting thier conduct as lawful, appear to ADMIT that Defendant's have no lawful or legal grounds for thier Conduct relating to Plaintiff's issues.

NOTE: As to issues that Plaintiff has initiated administrative proceedings, the law is clearly established that the court is constrained to the administrative record in its consideration of those issues. See 5 USC 706 and Smith vs United States Air Force, 439 US 819; Getty Oil Co. vs Andrus, 607 F2d 253; and Montgomery, ~~~~~ 601 FSupp 2d 139; Ramos, 538 FSupp 2d 4; Maine vs Norton, 257 FSupp 2d 357, and a plethora of additional cases.

E)     DUTY OF COURT

a) abuse of public trust requires enhanced penalties as to abuser: United States vs Godsey, 8th Cir. #11-2771, 5 September 2012;

b) there is <u>no immunity</u> for <u>retaliation</u> for excercise of <u>rights</u>, Lacey vs Maricopa County, 649 F3d 1118, (9th Cir, en banc)

c) the Court <u>must</u> accept Factual allegations as <u>True</u> and draw <u>all</u> inferences in <u>favor</u> of Plaintiff, DuQuinn vs Kolbert, 320 FSupp 2d 39;

Complaint                              Page 4 of 12

d) It is judicial misconduct pursuant to law codified at 28 USC 351, et seq., for any judge to interfere with effective and <u>expeditious</u> administration of the business of the Courts, inclusive of willful and persistent <u>failure</u> to perform <u>duties</u>; and <u>Conduct prejudicial</u> to the administration of <u>justice</u> that brings judicial office into disrepute. See In re: Complaint of Judicial Misconduct, 366 F3d 963 (9th Circuit, 2004);

e) Shielding a litigant's claim(s) from judicial scrutiny would render litigation a nullity and turn important constitutionally protected Rights into a FARCE. Boy Scouts of America vs Dale, 147 LEd 2d 554

f) <u>Immunity</u> is not available to official who violates clearly established statutory or constitutionally protected Rights. See Ashcroft vs al Kidd, 179 LEd 1149; Harlow vs Fitzgerald, 457 US 800;

g) Rights were violated when pretrial detainee was subjected to torture. Doe vs Washington County, 150 F3d 920

h) Torture violates 8th Amendment protected Rights. Alvarez-Machain vs United States, 107 F3d 696, (9th Cir 1997)

h) Plaintiff stated a claim when placed in segregation in retaliation for excercise of Rights. See Williams vs Snyder, 164 LEd 2d 137

i) Where Rights are protected by the Constitution the Courts have a <u>duty</u> to be an impregnable bulwark against legislative or executive encroachment on them. United States vs Leon, 82 LEd 2d 677; Weeks vs United States, 58 LEd 652;

Complaint                              Page 5 of 12

j)  Statutory definition of Torture (by Congress), code 18 USC 2340, under color of law, specifically intended to inflict physical, mental, pain and/or suffering upon another within custody or physical control;

k)  Statutory definition of Terrorism (by Congress) codified 18 USC 2331: Violent acts ... appear intended to intimidate or coerce civilian ... or transcend national boundaries;

l)  Malicious prosecution infringes on Constitutionally protected Rights, violate 5th Amendment, Albright vs Oliver, 127 LEd2d 114;

m)  The 1871 Congress intended the Civil Rights Act to throw open the doors of the federal Courts to those threatend with, or suffered, a deprivation of Rights ... Exhaustion of Administrative Remedies is NOT Required. Patsy vs Florida Board of Regents, 73 LEd2d 172;

n)  There is injury in retaliatory accusation itself. Hines vs Gomez, 38 F3d 379;

o)  Petition for Redress rights are violated when one is accused of offense for excercising the right to complain about Government Officials Conduct, United States vs Hylton 710 F2d 1106

p)  A prisoner has the Right to Petition for redress of Grievances, Wolfel vs Bates, 707 F2d 1106;

q)  Party has the RIGHT to private, non-attorney Counsel, deprivation of which violates 6th Amendment Right to Counsel, Chandler vs Fretag, 348 US 3;

NOTE: Citation authorities are intended to be instructive, but not exhaustive, NOTICE of Clearly established law;

F)  FACTUAL CLAIMS

1)  On or about 22 November, 2011, Defendants

Complaint                                    Page 6 of 12

took Plaintiff into thier custody without any evidence or knowledge that Plaintiff was the party named in the Documents presented by the parties who presented Plaintiff for imprisonment by Defendants;

2) Defendants, presumed to know the law, could observe that Plaintiff was NOT the party named in the documents presented as Plaintiff is a living, breathing man, as appears in defendant's intake medical records, and NOT a U.S. Vessel, Corporation, artificial entity, or decedent as is Named in the documents presented upon request to imprison Plaintiff; See: United States Government Printing Office Style Manual; English Language Grammar textbooks; The United States vs The Libellants, etc., of the Schooner AMISTAD, 10 LEd 826;

3) Defendants have no consent, by signature or otherwise, of Plaintiff consenting to imprisonment, acceptance of a fictitious name, or requesting or consenting to ANY service or product;

4) Defendants injected Plaintiff with POISON into Plaintiff's arm causing Plaintiff to be inflicted with physical and emotional pain;

5) Defendants have, by pattern and practice, and by policy and custom, subjected Plaintiff to torture on every day Plaintiff's liberties have been restrained by Plaintiff being in the custody and physical control of Defendants, under threat of Violence, inclusive of Death by firearm(s), through Sleep Deprivation, i.e. Flashing bright lights into Plaintiff's face/eyes every 30 minutes to hour all night, every night, AND by Sensory Deprivation, i.e. covering all windows with a visually impairing covering, while acting under color of law, and while repeatedly demanding

Complaint                                    Page 7 of 12

Plaintiff "sign" numerous documents;

6) For the purposes of ONLY the Factual Claims in this, ~~section~~ section F6, the court may assume Arguendo that the confinement, detention, imprisonment is otherwise legal or lawful:

   a) Plaintiff has repeatedly requested access to a law library, and various law library materials, and has been provided only occasional access to a computer limited to a Lexis-Nexis CD of only a very limited scope of Federal Statutes and Cases;

   b) The two times Plaintiff has gone to the physical law library the staff in the law library REFUSED Plaintiff access to the Law Books and Treatises in the "stacks" with the sole exception of a Blacks Law Dictionary, 9th Edition, expressly Refusing Plaintiff access to Earlier Editions of Blacks LAW Dictionaries sitting in plain view on the same shelf;

   c) Plaintiff has requested in writing, access to the records of Congress, to review the legislative history and intent of various Statutes and enactments and been refused access to those resources necessary to provide the Courts with authorities relating to the legislative intent of Acts of Congress, and even the very existence of Enactments that are not codified;

   d) Plaintiff has requested copies of legal documents for filing and service as directed by the courts and many of the pleadings, process, and exhibits to be copied have been not copied at all, others only after long delays of up to a month;

   e) Plaintiff has put numerous legal mail items into the prison mail system for the United States Post Office and had them returned unsent, delayed for weeks at a time, and denied access to the courts in any other manner, inclusive of hand delivery to local courts;

Complaint                                    Page 8 of 12

f) Plaintiff has been, upon a conspiracy between Defendants and the Prosecutors (U.S. Atty's Office) retaliated against, per statements, in writing, by assigned counsel, Phil Brennan, Retaliated against by administrative "Charges" and put into segregation (solitary confinement) and "punished" on a finding of "I don't know" what occurred by the administrative hearings officer, a man with a name tag "McWilliams" who has not provided any written finding of fact or conclusion of law upon which Plaintiff could excercise administrative due process rights, and Phil Brennan, the day before I was retaliated against provided me his letter stating that Defendants and the "Prosecutor" were discussing putting Plaintiff in "SHU" because of the Petitions for Redress of Grievances submitted by Plaintiff, see "Incident Report" dated 8/3/12 and executed by "Z. HACKER" and "C. Malone", with subsequent documents executed by "J. Denby";

g) "J. Denby" and others, inclusive of the Chaplain, have refused Plaintiffs requests on the grounds Plaintiff will not use the Mark of the Beast contrary to Plaintiff's Allegiance to Plaintiff's Almighty Creator, God, and put such Mark of the Beast in Plaintiff's head and hand, also refusing to perform duties upon a demand that Plaintiff accept the Mark of the Beast are "McWilliams", and Commissary and Mail Room staff, as well as some Guards;

h) Defendants, having knowledge of the law, have been provided NOTICE that Case #12-cr-5039 in the USDC-WW upon which Plaintiff is held is VOID for fraud, AND that if otherwise Valid, is well beyond speedy trial, and continue to restrain Plaintiff's liberties on its process, contrary to the 6th Amendment, and 18 USC 3161/3162 and United States vs. Tinklenberg,

Complaint                                Page 9 of 12

129 LEd 1080; United States vs Scalf, 760 F2d 1057; and United States vs Mehrmanesh, 652 F2d 766;

i) Defendants, having knowledge of the law, and having NOTICE that Plaintiff is imprisoned on allegations of having excercised constitutionally protected rights to Petition for Redress of Grievance(s), Assemble and associate, bear arms, and contract continue to deprive Plaintiff of his liberties and rights under color of law and in conspiracy with and upon the solicitation for conspiracy with others (See 18 USC 241, 242);

G) **REMEDIES**

I. Plaintiff asks the Court to perform its duties to enforce clearly established law and compel the Defendants to perform thier duties to:

a) Provide Plaintiff, and all prisoners in thier custody and/or physical control, proof of the jurisdiction and authority upon which the Parties who requested the restraint of liberty is based, or in the alternative, remove such restraint of liberty, and notify every party restrained of the Order compelling performance;

b) Prevent any further torture and terrorism to prisoners, and demanding "Signatures" while such party is under restraint on thier liberties;

c) Cease and desist from any and all acts of retaliation for excercise of Rights, and appont an officer of the court to monitor and enforce the order(s);

d) Cease and desist in Restraining people under fictitious names;

e) Cease and desist in separating prisoners who wish to assemble/associate, and particularly for the purpose of separating Co-defendants from counsel with each other;

f) Allow no staff to put any prisoner in SHU (solitary; segregation, etc) without the signatures and full proper names of themselves and two witnesses, except upon the orders of a Medical or Phychiatric Doctor AND no party shall be Kept in SHU for over 36 hours without written determination of facts and law by a Warden or higher ranking official, nor more than 10 days elapse before review by appropriate higher authority if appealed/contested by the Prisoner; and establish policy and proceedure for differentiating between those who are physically violent, and those who are in SHU for any other reason; i.e. protective custody, minor rule violation, etc., and use Maximum Security proceedures ONLY for those who are physically Violent;

g) Provide every inmate Comprehensive access to law library materials inclusive of All editions of BLACKS LAW DICTIONARY; at least two other comprehensive law dictionaries; All treatises and research aids available to the prosecuting authority upon whose process the prisoner is being held; and/or available to all adversaries and counsel in Civil actions such prisoner may bring;

h) provide every inmate copies of any and all legal document he/she may request within 48 hours of the request and reciept of the documents to be copied;

i.) Un-cover all windows to inmate housing unit cells;

j) do not demand any "Signature" of any party restrained in his liberties;

K.) Keep a log of all legal mail items submitted by an inmate, and make sure it is placed in the United States Post Office within 48 hours of the inmate putting it into the prison mail system;

Complaint                                              Page 11 of 12

l.) have NO COMMUNICATION with any prosecuting authority relating to inmate conduct except submission of crime reports or upon the express and specific order of a Court, and make and keep a recording of all such communications;

m) upon any inmates religious and/or theological objection, do not force such inmate to violate his beliefs;

n) release every inmate who is held in excess of NINETY (90) days without a Trial being commenced;

II. Enter declaratory judgement as to each factual Allegation by Plaintiff and that such fact evidences violation of law and failure of duty by defendant(s) as appears;

III. Award Compensatory damages to Plaintiff of not less than 100 United States Gold Eagles per each rights violation as determined by the Court;

IV. Award Punitive Damages to Plaintiff, to be placed in trust to Plaintiff, in an amount of not less than 1000 United States Gold Eagles per individual defendant and not less than 100,000 per each organization/enterprise defendant;

V. Award Exemplary damages, to be placed in Trust to Plaintiff's control, of not less than 250,000 United States Gold Eagles per each organization/enterprise defendant;

VI. Designate Plaintiff and such assistants as Plaintiff shall appoint, as monitors to monitor and report compliance with the Judgement of the Court, said function(s) to be paid out of the trust funds established by the Court for the Punitive and Exemplary damages.

Given this 26th day of September, 2012, under penalty of bearing false witness per the law of the Almighty Creator,

*[signature]*

Kenneth Wayne, Leaming
Plaintiff;
Private Attorney General
Public Minister

Complaint   Page 12 of 12