1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9    KENNETH WAYNE LEAMING,

10                          Plaintiff,                    Case No. C12-1724-RAJ-JPD

11          v.

12   JOHN DOE, WARDEN, FDC SEATAC, *et*          ORDER DECLINING TO SERVE
     *al*.,                                       COMPLAINT AND GRANTING
13                                                PLAINTIFF LEAVE TO AMEND
                            Defendants.
14

15

16          Plaintiff Kenneth Wayne Leaming has submitted to the Court for filing a pleading

17   entitled "Complaint to: Compel Performance; Inclusive of Declaratory and Injunctive Relief; and

     Tort Damages."  The Court, having reviewed plaintiff's pleading, and the balance of the record,
18
     does hereby find and ORDER as follows:
19
            (1)     Plaintiff appears to allege in his pleading violations of his constitutional rights
20
     arising out of his incarceration at the Federal Detention Center in SeaTac, Washington ("FDC
21
     SeaTac").  Plaintiff identifies as defendants in this action the Warden of FDC SeaTac, FDC
22
     SeaTac, the United States Bureau of Prisons, and John Does 2-10 who are officers and
23

     ORDER DECLINING TO SERVE COMPLAINT
     AND GRANTING LEAVE TO AMEND - 1

employees at FDC SeaTac.  Because plaintiff is seeking compensation for alleged violations of his constitutional rights against federal defendants, plaintiff's pleading is most properly construed as a civil rights action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

   (2)    In order to sustain a cause of action under *Bivens*, a plaintiff must satisfy the requirements of an action pursuant to 42 U.S.C. § 1983, except for the substitution of a federal actor in place of a state actor.  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). Accordingly, he must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

   (3)    The Court declines to order that plaintiff's complaint be served because his complaint is deficient in the following respects:

   (a)    Plaintiff identifies the Warden of FDC SeaTac, FDC SeaTac, and the United States Bureau of Prisons as defendants in this action.  The Supreme Court has held that there can be no *Bivens* cause of action against the United States Government, a federal agency, or government officers in their official capacities.  *FDIC v. Meyer*, 510 U.S. 471, 484–486 (1994). Thus, plaintiff may not proceed against the institution or the agency in this action.

   Plaintiff may proceed against the Warden, but only if he is able to allege sufficient *specific* facts demonstrating that this individual personally participated in causing him harm of

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

constitutional dimension.  If plaintiff elects to proceed against the Warden, he should identify this individual by his proper name, information which should be readily available to plaintiff at the institution.

(b)      To the extent plaintiff intends to challenge the constitutionality of various aspects of his confinement at FDC SeaTac, his claims are deficient because he fails to allege sufficient facts to connect the harm alleged to the conduct of specific individuals.  It is not sufficient for plaintiff to simply allege that he has been denied access to legal materials, that mail has been delayed, or that he has been retaliated against.  Plaintiff must specifically identify the individuals whose conduct is at issue, and he must identify those individuals in both the caption of his complaint and in the body of his complaint.  Any individual not identified by name in both places will not be deemed a defendant in this action.  If plaintiff elects to proceed against individual officers or employees of FDC SeaTac, he must also set forth specific facts demonstrating that the individuals whose conduct he has placed at issue personally participated in causing him harm of federal constitutional dimension.

(c)      To the extent plaintiff intends to challenge the fact of his current confinement, his claims appear frivolous and, in any event, are not properly asserted in an action brought pursuant to *Bivens*.

(4)      Plaintiff may file an amended complaint curing the above noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed.  The amended complaint must carry the same case number as this one.  If no amended complaint is timely filed, or if plaintiff fails to correct the deficiencies identified in this Order, this Court will recommend that the action be dismissed under 28 U.S.C. § 1915(e)(2)(B).

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

Plaintiff is advised that Federal Rule of Civil Procedure 8(a) requires a "short and plain statement" of the grounds for relief.  Further, each averment in a complaint must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d).  Failure to comply with Rules 8(a) and 8(d) may result in dismissal with prejudice under Rule 41(b).  *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

(5)     The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.[1]  The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

DATED this 22nd day of January, 2013.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

---

[1]  Plaintiff is not required to use the form provided by the Clerk.  However, plaintiff is advised that any amended pleading must provide all of the information required by the Court's form and he must ensure that the pleading otherwise conforms to the requirements of Rule 8 of the Federal Rules of Civil Procedure.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4